IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| VIDEO OCEAN GROUP LLC, | § | |
| GAGAN BATRA, and | § | |
| MUHAMMAD YASEEN KHAN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-1311 |
| | § | |
| BALAJI MANAGEMENT INC. | § | |
| and RAKESH KAUSHAL, | § | |
| | § | |
| Defendants. | § | |


**MEMORANDUM OPINION AND ORDER**


Plaintiffs, Video Ocean Group LLC, Gagan Batra, and
Muhammad Yaseen Khan, bring this action against defendants, Balaji
Management Inc. and Rakesh Kaushal, for tortious interference with
contract and tortious interference with prospective business
relations.[1]  Pending before the court are plaintiffs' Motion for
Attorney Fees as Costs (Docket Entry No. 84), Plaintiffs Motion for
Summary Judgment (Docket Entry No. 86), Defendants' Response to
Plaintiffs' Motion for Attorneys Fees as Costs (Docket Entry
No. 87), Plaintiffs Reply to Defendants Response to [plaintiffs']
Motion for Attorney Fees (Docket Entry No. 88), Defendants'
Response to Plaintiff's Motion for Summary Judgment and Defendants'
Cross Motion for Summary Judgment (Docket Entry No. 89),
Defendants' Motion to Dismiss or in the Alternative Plea in

_____

[1]Plaintiffs Second Amended Complaint, Docket Entry No. 70.

Abatement (Docket Entry No. 92), and Defendants' Reply to Plaintiffs' Reply to Defendants' Response to [plaintiffs'] Motion for Attorney's Fees (Docket Entry No. 93).[2]  For the reasons explained below, plaintiffs' motions for attorney's fees and for summary judgment will be denied, defendants' cross motion for summary judgment will be granted, and defendants' motion to dismiss or abate will be denied.

## I.  <u>Factual and Procedural Background</u>

On June 6, 2002, plaintiff, Video Ocean Group LLC ("Video Ocean"), entered into a contract with Adnan Sami Khan ("Khan"), a popular Indian musician and performer.[3]  The contract provided that Khan would perform 15 shows in the United States, Canada, and the United Kingdom between July 15, 2002, and August 31, 2002.[4]  Video Ocean would organize and promote the shows and would pay Khan $400,000 according to a payment schedule in the contract.  Although not in the contract, Video Ocean agreed to pay $29,500 to buy Khan out of a pre-existing agreement with defendant, Balaji Management

---

[2]Defendants filed their Cross Motion for Summary Judgment on March 8, 2006.  Plaintiffs have not filed a timely response.  <u>See</u> S.D. Tex. Civ. R. 7.3 & 7.4 (providing that responses must be filed within 20 days).

[3]Plaintiff Muhammad Yaseen Khan and Adnan Sami Khan have a common last name.  The court will refer to Adnan Sami Khan as "Khan" and Muhammad Yaseen Khan as "Yaseen Khan" to eliminate any confusion.

[4]The contract was actually between Mr. Govind Swarup, as agent for Video Ocean in India, and Khan.  Contract between Video Ocean and Khan, ¶ 1, contained in Plaintiffs Second Amended Complaint, Docket Entry No. 70, Exhibit A.

Inc. ("Balaji"), deducting this amount from the monies due Khan under the contract.  Balaji accepted Video Ocean's offer of $29,500 and released Khan from his agreement.

There is some dispute about what happened after the contract was signed.  Video Ocean alleges that Khan refused to cooperate in organizing the shows.[5]  Khan alleges that Video Ocean did not adhere to the payment schedule set out in the contract.[6]  In any event, no shows were performed, and on July 3, 2002, Khan sent Video Ocean a letter terminating the contract.[7]  Defendants learned fairly quickly that Khan had terminated the contract.[8]  In July or

---

[5]Khan claims that Video Ocean did not pay him in compliance with the contract.  Khan Deposition, 27:12-27:24, contained in Defendants' Cross Motion for Summary Judgment, Docket Entry No. 89, Exhibit 2.  Video Ocean claims that Khan refused to communicate with its representatives to coordinate Khan's schedule, and that they did comply with the payment terms.  Affidavit of Gagan Batra, contained in Plaintiffs' Ex Parte Application for a Temporary Restraining Order, Docket Entry No. 3.  Correspondence between representatives of Video Ocean and Khan reveals that Video Ocean requested more time to organize the shows since they could not process the work permits and visas by the contract deadline. Letter dated June 25, 2002, contained in Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss, Docket Entry No. 21, Exhibit A.  Video Ocean also wanted to reschedule the contract payments.  Id.  Khan sent a termination letter, refusing Video Ocean's requests.  Letter dated July 3, 2002, contained in Defendants' Cross Motion for Summary Judgment, Docket Entry No. 89, Attachment B to Exhibit 2.

[6]Khan Deposition, 27:12-27:24, contained in Defendants' Cross Motion for Summary Judgment, Docket Entry No. 89, Exhibit 2.

[7]Letter dated July 3, 2002, contained in Defendants' Cross Motion for Summary Judgment, Docket Entry No. 89, Attachment B to Exhibit 2.

[8]Khan Deposition, 49:16-49:21, contained in Defendants' Cross Motion for Summary Judgment, Docket Entry No. 89, Exhibit 2.

August of 2002 defendant, Rakesh Kaushal, a principal of Balaji, traveled to India and met with Khan's business manager to discuss Khan's availability to perform in the United States and Canada.[9] Shortly thereafter, in August of 2002, Kaushal again traveled to India and met with Khan.   Khan informed Kaushal that he no longer had a contract with Video Ocean.   Kaushal and Khan eventually agreed on terms for Khan to perform with Balaji as his promoter. On August 27, 2002, Khan and Balaji entered into a contract for Khan to perform 15 concerts in the United States and Canada promoted by Balaji in the summer of 2003.[10]

Video Ocean soon learned of Khan's agreement with Balaji.[11] On April 21, 2003, Video Ocean filed this action against various defendants.   It named Balaji and Kaushal, alleging tortious

---

[9]Defendants' Answers and Objections to Plaintiffs' First Set of Interrogatories, ¶ 6, contained in Defendants' Motion for Entry of a Protective Order, Docket Entry No. 19, Exhibit B.

[10]Id.  Declaration of Rakesh Kaushal, contained in Defendants' Cross Motion for Summary Judgment, Docket Entry No. 89, Exhibit 1.

[11]Plaintiff Batra states that on December 6, 2002, defendant Kaushal came to Houston, Texas, and met with Batra.  Batra recounts being asked by Kaushal to join in Kaushal's plans to organize and promote Khan's upcoming tours.  Batra refused, citing his contract with Khan.   Affidavit of Gagan Batra, contained in Plaintiffs' Ex Parte Application for a Temporary Restraining Order, Docket Entry No. 3.  Plaintiff Yaseen Khan states that in early December of 2002 defendant Kaushal telephoned him and informed him that Kaushal would be promoting Khan's shows in the United States and Canada.  Yaseen Khan states that Kaushal asked Yaseen Khan to join him and he refused.   Affidavit of Yaseen Khan, contained in Plaintiffs' Motion for a Preliminary Injunction, Docket Entry No. 5, Exhibit B.  Portions of this are confirmed by defendants. Defendants' Answers and Objections to Plaintiffs' First Set of Interrogatories, ¶ 10, contained in Defendants' Motion for Entry of a Protective Order, Docket Entry No. 19, Exhibit B.

interference with Video Ocean's contractual relationship with the musician Khan and tortious interference with prospective business relationship with Khan.    Video Ocean's action also alleged fraudulent inducement, breach of contract, and common law fraud against Khan.   (Docket Entry No. 1)   On June 9, 2003, all defendants moved to have the claims against them dismissed because of the forum selection clause in a contract between Khan and Video Ocean.  (Docket Entry No. 17)  On June 20, 2003, the court granted the Motion to Dismiss in part, finding that the court lacked jurisdiction over the claims filed against Khan due to the forum selection clause in the contract.  (Docket Entry No. 23)  The court concluded that although Khan was bound by the forum selection provisions in its agreement with Video Ocean, the defendants' joint motion failed to explain how the other defendants were entitled to take advantage of the provisions of a contract to which they were not a party.

On June 27, 2003, the remaining defendants moved to dismiss plaintiffs' tortious interference claims or alternatively to compel arbitration and/or to stay the proceedings.  On September 2, 2003, the court denied the motion to dismiss the tortious interference claims and denied the motion to compel arbitration, but granted the motion to stay the proceedings pending resolution of the arbitration in India between Video Ocean and Khan.  (Memorandum and Order, Docket Entry No. 28)  The court concluded that although the forum selection clause in the contract between Video Ocean and Khan

-5-

did not provide a basis for dismissing Video Ocean's tortious interference claims against the remaining defendants, the court should exercise its equitable discretion to stay Video Ocean's action pending completion of the arbitration between Video Ocean and Khan.  The parties were ordered to submit a written status report every 30 days.

Thereafter, plaintiffs took considerable time to commence arbitration in India.  On June 2, 2003, the court ordered plaintiffs to initiate arbitration in India by June 11, 2004. (Docket Entry No. 44)  Arbitration was later commenced in India, but progress was slow and the case stagnated.  On July 20, 2005, plaintiffs submitted a Motion to Reopen the Case in the United States.  (Docket Entry No. 62)  On August 17, 2005, the court granted plaintiffs' Motion to Reopen the Case in the United States and vacated its order staying the action.  (Docket Entry No. 64) Since then, the parties have had an unsuccessful settlement conference and filed competing motions for summary judgment.  (Docket Entry Nos. 86, 89, and 95)

## II.  Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c).  The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the

record], which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2553 (1986). Disputes about material facts are genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S.Ct. 2505, 2511 (1986).

Once the movant demonstrates the absence of a genuine issue of material fact, the "adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Entry of summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex</u>, 106 S.Ct. at 2552. Factual controversies are to be resolved in favor of the nonmovant "only when . . . both parties have submitted evidence of contradictory facts." <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

While federal law establishes the standards for entry of summary judgment, in a diversity case this court looks to Texas law and its choice of law principles in determining what state's law applies.  <u>Erie Railroad Co. v. Tompkins</u>, 58 S.Ct. 817 (1938);

General Accident Ins. Co. v. Unity/Waterford-Fair Oaks, Ltd., 288
F.3d 651, 653 (5th Cir. 2002).  Texas applies the Restatement of
Conflict of Laws' most significant relationship test to determine
choice of law issues.  Hughes Wood Products, Inc. v. Wagner, 18
S.W.3d 202, 205 (Tex. 2000).  Both plaintiffs and defendants apply
Texas law to the tort claims, and the court agrees that Texas law
governs.

### III.  <u>Defendants' Motion to Dismiss or Abate</u>

Defendants have moved to dismiss or abate this action because
Video Ocean's corporate charter was forfeited for nonpayment of
franchise taxes on July 8, 2005.  (Docket Entry No. 92)  Plaintiffs
have provided the court with evidence that since defendants'
motion, Video Ocean has paid its franchise taxes and had its
corporate charter reinstated.

The Texas Tax Code provides that a corporation whose
privileges are forfeited "shall be denied the right to sue or
defend in a court of this state[.]"  Tex. Tax. Code § 171.252.  The
purpose of section 171.252 of the Tax Code is to encourage
corporations to pay their taxes and not to prohibit a corporate
cause of action.  Bluebonnet Farms, Inc. v. Gibraltar Savings
Ass'n, 618 S.W.2d 81, 85 (Tex. Civ. App. -- Houston [1st Dist.]
1981, writ ref'd n.r.e.).  Once a corporation has had its corporate
charter reinstated, the obstacle to maintaining an action is
removed and a corporate defendant can maintain an action in a Texas

court.   <u>M & M Const. Co. v. Great American Ins. Co.</u>, 747 S.W.2d
552, 555 (Tex. App. -- Corpus Christi 1988, no writ).   For this
reason, defendants' motion to dismiss or abate will be denied.

### IV.   <u>Plaintiffs' Motion for Attorney Fees</u>

Plaintiffs request that the court order defendants to pay
plaintiffs attorney's fees as costs pursuant to Federal Rules of
Civil Procedure 11, 26, 54(d)(2)(B) and 56.   (Docket Entry No. 84)
Plaintiffs base this request on the fact that many of defendants'
initial pleadings and motions were improperly signed by Balwinder
Mahal, the wife of then pro se defendant Kaushal.   Mahal, a non-
lawyer, is the Secretary of Balaji.   She was under the mistaken
belief that, although not a party or an attorney, she could sign
and submit pleadings and motions on behalf of defendants.   When
plaintiffs brought this to the court's attention, the court set
aside defendants' pending motion for summary judgment and ordered
defendants to file proper answers to plaintiffs' request for
admissions.   (Docket Entry No. 82)   Plaintiffs now want to recoup
from defendants its attorney's fees for responding to the
improperly filed motion for summary judgment.

Although a court in limited circumstances may order a party to
pay the other party's attorney's fees pursuant to Fed. R. Civ. P.
26(g), the court does not believe that this is an appropriate
remedy in this action.[12]   Rule 26(g)(3) allows a court to impose

_____

[12]Rules 11 and 56 do not provide a justification for an award
(continued...)

appropriate sanctions upon a party for making discovery certifications in violation of the rule.  Rule 26(g)(2) requires that disclosures, requests, responses, and objections be signed by an attorney or a pro se party.  Defendants did not comply with this rule because they were under the mistaken impression that as Balaji's Secretary and defendant Kaushal's wife, Balwinder Mahal could sign pleadings, motions, and discovery documents.[13]  When informed that she could not, defendants' promptly corrected the oversight and resubmitted the documents with appropriate signatures.

Given these circumstances, the court is persuaded that requiring defendants to submit the papers properly signed was an appropriate remedy and that an award of attorney's fees is not appropriate.

## V.  Plaintiffs Motion for Summary Judgment

Plaintiffs move for summary judgment against defendants Balaji Management, Rakesh Kaushal, and Adnan Sami Khan.  Before the court addresses the substance of plaintiffs' motion, two procedural issues related to named defendants must be addressed.  First,

---

[12](...continued)
of attorneys' fees.  Defendants violated Rule 11(a).  Rule 11(c) sanctions, including attorneys' fees, are authorized only with violations of Rule 11(b).  A Rule 56 award of attorneys' fees is authorized only if affidavits for summary judgment are made in bad faith or for the purpose of delay, which is not the case here.

[13]Defendants' Response to Plaintiffs' Motion for Attorneys Fees as Costs, Docket Entry No. 87.

-10-

neither Plaintiffs Second Amended Complaint (Docket Entry No. 70) nor Plaintiffs Motion for Summary Judgment (Docket Entry No. 86) mentions defendants Elite Entertainment, Inc. ("Elite") or Vijay Taneja ("Taneja"), who were named as defendants in Plaintiffs' Original Complaint.  (Docket Entry No. 1)  Plaintiffs' pleadings have not referenced Elite or Taneja since a very early stage of the case when plaintiffs named the two as defendants in their Ex Parte Application for a Temporary Restraining Order.  (Docket Entry No. 3)  Plaintiffs did not make a formal motion under Federal Rule of Civil Procedure 21 to drop Elite or Taneja as defendants.  But Elite and Taneja's absence from the pleadings in this case since April of 2003 demonstrates that plaintiffs are not pursuing claims against them.  Therefore, the court will consider Elite and Taneja dropped from this lawsuit.  See Williams v. Hoyt, 556 F.2d 1336, 1341 (5th Cir. 1977).

Plaintiffs' motion also names Khan as a defendant.  On June 20, 2003, the court dismissed plaintiffs' action against Khan, finding that the court lacked jurisdiction over the claims filed against Khan due to the forum selection clause in the contract. (Docket Entry No. 23)  Therefore, Khan is no longer a proper defendant in this action.

The substance of Plaintiffs Motion for Summary Judgment relies on deemed admissions by defendants without citing to any other discovery evidence or the record of the case.  Plaintiffs list the deemed admissions and state that "[t]hus it has been prima facie

established that Defendant [sic] intentionally and willfully despite being aware of the contract with singer induced the Singer to perform for Defendants after Plaintiffs refused to join Defendants specifically stating their pre-existing business dealings with the singer."[14]

Plaintiffs' motion fails because there are no deemed admissions. Although the court granted Plaintiff's Motion to Deem Matters Admitted on January 13, 2006, the court's order made it clear that the motion was granted only if defendants failed to file a response to the Plaintiffs' Request for Admissions by January 18, 2005. (Docket Entry No. 82) Defendants filed Objections and Responses to Plaintiffs' First Requests for Admissions on January 18, 2006. (Docket Entry No. 83) Because defendants met the court's deadline, there are no deemed admissions. Since Plaintiffs Motion for Summary Judgment relies exclusively on the deemed admissions, it fails to establish that the law entitles plaintiffs to summary judgment.

Even were the court to consider the other evidence in the record, plaintiffs have failed to establish required elements of both causes of action, which are set out later in this opinion. For tortious interference with contract neither the deemed admissions nor the other evidence adduced shows that Khan's decision to end his contract with Video Ocean was due to any

---

[14]Plaintiffs Motion for Summary Judgment, Docket Entry No. 86, ¶ 13.

actions by defendants, wrongful or otherwise.  In fact, the evidence establishes that Khan made the decision to repudiate the contract with Video Ocean completely independently of defendants. Plaintiffs do not even allege that defendants induced Khan to repudiate the contract.

With respect to tortious interference with prospective business relations or contract, plaintiffs have not put forth any evidence that there was a reasonable probability that the parties would have entered into a contractual relationship with Khan, other than the relationship that was already been reduced to contract. Given that plaintiffs have not presented any competent evidence on these issues, the court cannot grant plaintiffs' motion for summary judgment.[15]

## VI.  **Defendants' Cross Motion for Summary Judgment**

Remaining defendants, Balaji and Kaushal, move for summary judgment on the two causes of action against them, tortious interference with contract and tortious interference with prospective business relations.[16]  Defendants first argue that the plaintiff cannot succeed on the tortious interference with contract claim because the contract itself did not give plaintiffs any right

---

[15]It is unnecessary to address plaintiffs' evidence regarding damages because the court has determined that plaintiffs are not entitled to summary judgment.

[16]The court will not consider Defendants' previous Motion for Summary Judgment, which was signed by Balwinder Mahal, who is, as noted above, neither an attorney nor a defendant.  (Docket Entry No. 78)

to an exclusive promotion deal with Khan after August of 2002. Defendants also argue that Khan had terminated the contract on July 3, 2002, and thus there was no contract that could serve as the subject of a tortious interference claim.  Second, defendants argue that plaintiffs cannot succeed on the tortious interference with prospective business relations cause of action because that tort concerns business relations that have not yet been reduced to a contract.  Since there was a contract in this lawsuit, defendants argue that plaintiffs' claims are without merit.

**A.   Tortious Interference with Prospective Business Relationship**

The elements of tortious interference with prospective business relationship or contract are:  (1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an "independently tortious or unlawful act" by the defendant that prevented the relationship from occurring; (3) the defendant did this act with a conscious desire to prevent the relationship from occurring or knew that the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage that resulted from the defendant's interference.  Allied Capital Corp. v. Cravens, 67 S.W.3d 486, 491 (Tex. App. -- Corpus Christi 2002, no pet.).

Defendants argue that plaintiffs must establish a business relationship with Khan that had not yet been reduced to contract.

-14-

Defendants' point is well taken.  While a defendant could commit tortious interference with an existing contract and also commit acts that constitute tortious interference with a potential future business relationship or contract, that is not the factual situation here.  The crux of plaintiffs' complaint is its allegation against Kaushal, Balaji, and Khan regarding Khan's failure to honor his contract with Video Ocean and his subsequent contract with Balaji.  Plaintiffs Second Amended Complaint pleads tortious interference with business relations in the alternative to tortious interference with contract "if this Court finds that the Contract was void or voidable, or the validity of the Contract cannot be determined for any reason[.]"

Pleading in the alternative is permissible in the Federal Rules, but to proceed with a cause of action plaintiff must still establish its elements.[17]  In this case, plaintiffs have failed to provide any evidence that there was a reasonable probability the parties would have entered into another contractual relationship. Video Ocean entered into a contract with Khan for Khan to perform 15 shows between July 15, 2002, and August 31, 2002.  There is no evidence that any future business relationship between Khan and Video Ocean was contemplated.  In other words, there is no evidence that there was ever any future relationship contemplated between the parties other than that which was already reduced to contract. There is no genuine issue of material fact on this element, and

---

[17]Fed. R. Civ. P. 8(e)(2).

defendants are therefore entitled to summary judgment on this cause of action.

Defendants are also entitled to summary judgment on plaintiffs' tortious interference with business relationship claim because plaintiffs have failed to provide any evidence on another element necessary for this cause of action. The Texas Supreme Court has held that to establish liability for interference with a prospective contract or business relation the plaintiff must prove that defendants committed an independent tortious act that would be actionable under a recognized tort. <u>Wal-Mart Stores, Inc. v. Sturges</u>, 52 S.W.3d 711, 726 (Tex. 2001). "Conduct that is merely 'sharp' or unfair is not actionable and cannot be the basis for an action for tortious interference with prospective relations[.]" <u>Id.</u>

There are no allegations of underlying tortious or unlawful activity in this case. The Texas Supreme Court gave several examples of underlying activity that would qualify as tortious or unlawful activity. These included a defendant who makes fraudulent statements about the plaintiff to a third person, a defendant threatening a person with physical harm if he does business with the plaintiff, and defendants engaging in an illegal boycott. <u>Id.</u> Here the evidence shows, at most, that defendants knew of plaintiffs' previous contract with Khan but contracted with him anyway, relying on Khan's unilateral termination of his contract with Video Ocean. There is no independent tortious or unlawful

activity involved in the alleged conduct by defendants.  Therefore, plaintiffs' cause of action for tortious interference also fails for the absence of an independent tort or unlawful act.

## B.  Tortious Interference with Contract

The elements of a tortious interference with contract are: (1) the existence of a contract subject to interference; (2) an act of interference that was willful and intentional; (3) such inten-tional act was a proximate cause of the plaintiff's damages; and (4) actual damages or loss occurred.  <u>Juliette Fowler Homes, Inc. v. Welch Assocs.</u>, 793 S.W.2d 660, 664 (Tex. 1990).  A suit for tortious interference with a contract presupposes the existence of a valid contract.  <u>Ski River Development, Inc. v. McCalla</u>, 167 S.W.3d 121, 140 (Tex. App. -- Waco 2005, pet. denied).  An unenforceable contract can serve as the basis for a tortious interference claim as long as the contract is not void.  <u>Juliette Fowler Homes</u>, 793 S.W.2d at 664.

A cause of action for tortious interference with a contract will not lie in the absence of a contract.  <u>S & A Marinas, Inc. v. Leonard Marine Corp.</u>, 875 S.W.2d 766, 768 (Tex. App. -- Austin 1994, writ denied).  Defendants argue that because Khan terminated the contract, there was no contract in existence subject to tortious interference.  Defendants further argue that plaintiffs are collaterally estopped from asserting the existence of the contract because of an Indian court ruling.

Video Ocean's legal representatives in India filed a request for injunctive relief to prevent Khan from performing the concert tour with defendants.  The Indian court ruled that "[i]t is not possible to accept the contention raised on behalf of petitioner. The respondent by this letter dated July 3, 2002 has terminated the contract . . . .  Whether the respondent was right or not is an issue to be decided by the Arbitrator.  Presently, therefore, the contract stands terminated."[18]

The court applies Texas law in determining whether collateral estoppel applies.  <u>See</u> <u>Southwest Livestock and Trucking Co., Inc.</u> <u>v. Ramon</u>, 169 F.3d 317, 320 (5th Cir. 1999) (applying Texas law in a diversity case on the issue of recognition of foreign country money judgments).  In Texas collateral estoppel applies when: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were adversaries in the first action.  <u>Sysco Food Services,</u> <u>Inc. v. Trapnell</u>, 890 S.W.2d 796, 801 (Tex. 1994).  Strict mutuality of parties is not required, but the party against whom the doctrine is asserted must be in privity with the party in the first action.  <u>Id.</u> at 801-02.

---

[18]Arbitration Petition Lodging No. 276 of 2003, In the High Court of Judicature at Bombay, April 25, 2003, contained in Defendants' Cross Motion for Summary Judgment, Docket Entry No. 89, Exhibit 3.

A privy is one so connected in law with a party to the judgment as to have such an identity of interests that the party to the judgment represented the same legal right. Bensen v. Wanda Petroleum, 468 S.W.2d 361, 363 (Tex. 1971). Although defendants refer jointly to "plaintiffs" when discussing the Indian court action, the plaintiff in that action was Video Ocean, not Gagan Batra ("Batra") and Muhammad Yaseen Khan ("Yaseen Khan"). These two individuals are not listed as parties to the Indian case, and if they were parties, defendants have not brought it to this court's attention. Batra and Yaseen Khan own membership interests in Video Ocean. See Tex. Bus. Org. Code Ann. § 101.101.[19] Although a membership interest is personal property, this alone is not sufficient to show that they were in privity with Video Ocean. Id. at § 101.106. As the party asserting collateral estoppel, defendants have the burden of proof. See Sysco, 890 S.W.2d at 801. Defendants have made no attempt to demonstrate how Batra and Yaseen Khan were in privity with Video Ocean, and thus have not met their burden. The court will therefore not apply collateral estoppel to Gagan Batra and Muhammad Yaseen Khan.

Because Video Ocean was a party to the Indian case, the court will examine the requirements of collateral estoppel to determine

---

[19]The Texas Business Organization Code sections referred to herein were previously codified in Texas Revised Civil Statutes Annotated Article 1528n, arts. 4.01 and 4.04. They were recodified and placed in the Texas Business Organization Code effective January 1, 2006, but were not changed in any substantive manner that affects this opinion.

if collateral estoppel on this issue applies to Video Ocean.  Even assuming, _arguendo_, that the Indian court judgment is entitled to recognition on the grounds of international comity, collateral estoppel here is not appropriate.  See, e.g., Hilton v. Guyot, 16 S.Ct. 139 (1895); Gannon v. Payne, 706 S.W.2d 304 (Tex. 1986) (both discussing international comity).

The issue litigated in India was Video Ocean's request for an injunction preventing Khan from performing for Balaji in the United States and United Kingdom.  The court refused to grant an injunction and based this refusal on multiple grounds:  first, that Khan had terminated the contract; second, that the contract did not contain a negative covenant; and finally, that Balaji was not before the court.  The language stating that "the contract stands terminated" was just one factor in the court's refusal to enjoin Khan and does not constitute a finding that there was no contract after Khan sent his termination letter.  The court expressly reserved the issue of the propriety of this termination, noting that "[w]hether the respondent was right or not is an issue to be decided by the Arbitrator."

Collateral estoppel requires that the issue decided in the first action be identical to the issue in the pending action.  Getty Oil Co. v. Insurance Co. of North America, 845 S.W.2d 794, 802 (Tex. 1992).  The Indian court was considering whether the contract could serve as the basis for an injunction.  This court

-20-

must determine whether the contract was valid and capable of being tortiously interfered with by defendants.  Because the issues are different, collateral estoppel does not apply.

The court will look to Texas law to determine if the contract was in force.  Khan sent a letter to Video Ocean dated July 3, 2002, claiming that Video Ocean had repudiated the agreement and that Khan had "no alternative but to accept said repudiation[.]"[20] Video Ocean vigorously denies having repudiated the contract, and there is no contention that it sent any correspondence to Khan or communicated to Khan in any way that it wished to repudiate the contract.[21]  Khan's letter arguably constituted anticipatory breach of contract.  An anticipatory breach of contract occurs when one party to an agreement repudiates it prior to his performance being due.  See Hauglum v. Durst, 769 S.W.2d 646, 651 (Tex. App. -- Corpus Christi 1989, no writ).  Under Texas law when one party repudiates a contract the other party can either accept the repudiation and bring a cause of action for damages immediately or keep the contract alive and sue for damages as they accrue.  Thomas

---

[20]Letter from Khan, July 3, 2002, contained in Defendants' Cross Motion for Summary Judgment, Docket Entry No. 89, Exhibit 2.

[21]The petition for arbitration in India includes copies of correspondence between representatives for Video Ocean and Khan and his representatives.  This correspondence makes it clear that Video Ocean did not want to abandon the contract, as evidenced by its request that Khan "take up rescheduling of our show and oblige." Letter dated July 25, 2002, contained in Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss, Docket Entry No. 21, Exhibit A.

v. Thomas, 902 S.W.2d 621, 624 (Tex. App. -- Austin 1995, writ denied). "When the repudiating party communicates to the innocent/ nonrepudiating party that it intends to repudiate the contract, the contract remains open and in force until the innocent party chooses to treat it as terminated." Id. at 625 n.2.

There is no evidence that Video Ocean accepted Khan's July 3, 2002, repudiation or considered the agreement terminated. Evidence adduced by Video Ocean indicates that it considered it existing as of December of 2002.[22] Plaintiff Batra claims that in December of 2002 defendant Kaushal came to Houston, Texas, and met with Batra. Batra recounts being asked by Kaushal to join in Kaushal's plans to organize and promote Khan's upcoming tours. Batra refused, citing his contract with Khan. Although when Video Ocean sued Khan for breach of contract, Video Ocean treated the contract as terminated. Thomas, 902 S.W.2d at 624. But plaintiffs did not institute this action until April 21, 2003. During the period that Khan was negotiating with defendants Khan arguably remained under contract with Video Ocean.[23] Therefore, plaintiffs have established the existence of a contract and met the first element of this cause of action.

---

[22]Affidavit of Gagan Batra, contained in Plaintiffs' Ex Parte Application for a Temporary Restraining Order, Docket Entry No. 3.

[23]Because this is a contested issue of material fact, the court resolves the issue of whether Khan or Video Ocean breached the contract in favor of the plaintiff as the non-moving party. Little, 37 F.3d at 1075.

Defendants further argue that they could not have tortiously interfered with Video Ocean's contract because they contracted with Khan for shows in April and May of 2003, after the period of exclusivity in Khan's contract with Video Ocean.  This argument raises issues of proximate cause and whether defendants committed any acts interfering with the contract.

Video Ocean's contract with Khan called for Khan to perform 15 shows for Video Ocean between July 15, 2002, and August 31, 2002. On July 3, 2002, Khan sent a termination letter to Video Ocean. After the termination letter was sent, in July or August of 2002 defendant Kaushal traveled to India to discuss Khan's availability to perform in the United States and Canada.[24]  In August of 2002, Kaushal again traveled to India and met with Khan.  Kaushal and Khan agreed on terms for Khan to perform with Balaji as his promoter.  On August 27, 2002, Khan and Balaji entered into a contract for Khan to perform 15 concerts in the United States and Canada promoted by Balaji in the summer of 2003.

By its terms Khan's contract with Video Ocean did not extend past August 31, 2005.  The contract provision entitled "duration" states that the shows "shall be held and completed by end August, 2002 unless extended in writing by the Artiste at his sole discretion.  Upon expiry of the period the Artiste is not at all obliged to comply with his obligations hereunder and this agreement

_____

[24]Defendants' Answers and Objections to Plaintiffs' First Set of Interrogatories, ¶ 6, contained in Defendants' Motion for Entry of a Protective Order, Docket Entry No. 19, Exhibit B.

-23-

shall stand determined and at end as by efflux of time and either party shall have any claim against the other."[25]

To establish tortious interference with contract defendants' willful and intentional interference with the contract must proximately cause plaintiffs' damages.  Proximate cause requires cause in fact or substantial factor and forseeability.  IHS Cedars Treatment Center of Desoto, Texas, Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2003).  Cause-in-fact is established when the act or omission is a substantial factor in bringing about the damages and without which the damage would not have occurred.  Id. at 799.

Although the contract was active when Balaji entered into its negotiations with Khan, plaintiffs have not explained or put forth evidence that demonstrates what actions of defendants proximately caused Khan's breach of contract or plaintiffs' damages resulting therefrom.  There is no evidence that defendants met with Khan before he repudiated the contract with Video Ocean.  Balaji's previous contract with Khan was terminated before Video Ocean entered into its agreement with Khan.  There is no evidence, or even allegations, that Balaji engaged in negotiations or committed any act encouraging Khan to break his contract with Video Ocean prior to Khan's termination letter.  Although the contract between Khan and Video Ocean existed, Khan had already made clear that he had no intention of abiding by it.

---

[25]Contract between Video Ocean and Khan, ¶ 6, contained in Plaintiffs Second Amended Complaint, Docket Entry No. 70, Exhibit A.

Plaintiffs must also show that defendants intentionally interfered with the contract. Video Ocean's contract with Khan did not give it any rights to exclusively promote Khan's performances in 2003. Merely contracting with Khan while his contract with Video Ocean was active for Khan's services during a time period not covered by the Video Ocean contract does not constitute interference with Video Ocean's contract. The court is not unmindful of the fact that Video Ocean paid monies to release Khan from an obligation he had with Balaji, and Khan subsequently terminated his contract with Video Ocean and contracted with Balaji. But apart from bare allegations, unsupported by evidence, made in the Indian arbitration litigation, there is no evidence that Balaji committed any acts to induce Khan to terminate his contract with Video Ocean. This record does not contain evidence that Balaji ever communicated with Khan between the period that Khan contracted with Video Ocean and when Khan terminated his contract with Video Ocean.

Plaintiffs have not presented evidence that defendants committed any act of interference with the Video Ocean contract. Furthermore, plaintiffs have not presented any evidence that Khan's decision to terminate his contract with Video Ocean was proximately caused by defendants. Because plaintiffs have failed to meet two of the elements for tortious interference with contract, defendants are entitled to summary judgment on this cause of action.

**C.    Plaintiffs Gagan Batra and Muhammad Yaseen Khan**

Although the court has already determined that defendants are entitled to summary judgment on plaintiffs' causes of action, the court also notes that summary judgment against one of the plaintiffs is merited based on alternate grounds.  Defendants argue that summary judgment should be granted against plaintiffs Batra and Yaseen Khan for their claims of tortious interference with contract and tortious interference with prospective business relations because they are not parties to the contract with Khan.

Defendants are incorrect that only Video Ocean is a party to the contract.  Plaintiff Batra was a party to the contract with Khan.[26]  Plaintiff Yaseen Khan was not a party to the contract. Defendants argue that the contract does not confer any rights upon those not a party.  Nor does a non-party have any derivative rights to torts based upon the contract.

The court agrees.  Yaseen Khan is a member of Video Ocean. Tex. Bus. Org. Code § 101.101.  He was not a party to the contract and had no rights under the contract.  Furthermore, there is no

---

[26]The contract was between Khan and Mr. Govind Swarup as the Agent on behalf of Video Ocean.  In the definitions section of the contract, agent was defined to include "Mr. Govind Swarup, M.D. Dadasahab Chitra Nagan, Mumbia by himself or in collaboration with Dada Saheb Phaike Chitranagan, Government of Maharashtra, his organization, his tie-up with or through his co-ordination with Ashok Dingra and Gagan Batra, Video Ocean, Houston, USA or any of their sponsors for the stage shows/concerts in the United Kingdom, United States of America and Canada as approved by the Artiste or any other person or corporation promoting the stage shows/ concerts[.]"  Contract between Video Ocean and Khan, ¶ 1, contained in Plaintiffs Second Amended Complaint, Docket Entry No. 70, Exhibit A.

indication in the record that any prospective business relations would involve Yaseen Khan as an individual rather than Video Ocean.

Yaseen Khan's status as a member of Video Ocean does not confer any standing for him to sue for these torts.  The Texas Business Organizations Code provides that "[a] member of a limited liability company may be named as a party in an action by or against the limited liability company only if the action is brought to enforce the member's right against or liability to the company." Id. at § 101.113 (previously codified at Tex. Rev. Civ. Stat. Ann. art. 1528n, art. 4.03 § C).  Plaintiff Yaseen Khan has no standing to sue, and the defendants are entitled to summary judgment with respect to all claims by Yaseen Khan.

## VII.  Conclusions and Order

For the reasons explained above, the court concludes that

1.   Plaintiff's Motion for Attorney Fees as Costs (Docket Entry No. 84) is **DENIED**.

2.   Plaintiffs Motion for Summary Judgment (Docket Entry No. 86) is **DENIED**.

3.   Defendants' Cross Motion for Summary Judgment (Docket Entry No. 89) is **GRANTED**.

4.  Defendants' Motion to Dismiss or in the Alternative Plea in Abatement (Docket Entry No. 92) is **DENIED**.

**SIGNED** at Houston, Texas, on this 12th day of April, 2006.

_____

SIM LAKE
UNITED STATES DISTRICT JUDGE
