IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIDEO OCEAN GROUP LLC, | § | |
| GAGAN BATRA, and | § | |
| MUHAMMAD YASEEN KHAN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-1311 |
| | § | |
| BALAJI MANAGEMENT INC. | § | |
| and RAKESH KAUSHAL, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Video Ocean Group LLC ("Video Ocean"), Gagan Batra, and Muhammad Yaseen Khan, have filed a Motion for Reconsideration (Docket Entry No. 101) of the court's April 12, 2006, Memorandum Opinion and Order (Docket Entry No. 98), which granted the Cross-Motion for Summary Judgment (Docket Entry No. 89) of defendants Balaji Management Inc. ("Balaji") and Rakesh Kaushal. Defendants have filed a Reply to Plaintiffs' Motion for Reconsideration. (Docket Entry No. 102)

Plaintiff's motion, filed within 10 days of the entry of judgment, is properly characterized as a Federal Rule of Civil Procedure 59(e) motion to alter, amend, or reconsider a judgment. Fed. R. Civ. P. 59(e). Such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet

v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). Rule 59(e) serves the narrow function of allowing a party to correct manifest errors of law or fact, or to present to the court newly discovered evidence. Id.

The factual background of this case was explained in detail in the court's previous opinion.[1] It is sufficient to note here that plaintiffs had a contract with Indian singer Adnan Sami Khan ("Khan") to perform in the United States. When Khan allegedly breached that contract and later contracted to perform using defendants' services, plaintiffs sued defendants for tortious interference with contract and tortious interference with a business relationship.

Plaintiffs first argue that the Final Judgment should be set aside because their failure to file a timely response to Balaji's Motion for Summary Judgment was excusable. Plaintiffs state that they did not file a response to Balaji's Motion for Summary Judgment because the daughter of the lead attorney had passed away, and the other attorney was confined to bed due to medical conditions. The court is sympathetic to these circumstances and would have considered granting plaintiffs additional time to file a response had plaintiffs kept the court informed. Plaintiffs filed a responsive pleading to another pending defense motion before the court entered summary judgment, but did not inform the court of their situation or request an extension to respond to

---

[1] Memorandum Opinion and Order, Docket Entry No. 98, pp. 2-6.

defendants' motion for summary judgment.[2] Plaintiffs, having managed to file one responsive pleading, could have requested additional time to file other responsive pleadings.

More importantly, the court's Memorandum Opinion and Order granting summary judgment was not based merely on plaintiffs' failure to respond. See Hibernia National Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (stating that a court cannot grant a motion for summary judgment solely because there is no opposition, even if the failure to oppose violates a local rule). The court granted defendants' motion for summary judgment because plaintiffs failed to muster evidence on each of the disputed elements of its causes of action, not because plaintiffs failed to respond to defendants' motion for summary judgment.

Plaintiffs' remaining substantive argument seems to be that plaintiffs had satisfied their burden of proof by making their claim and presenting witnesses.[3] This is incorrect. Once defendants demonstrated the absence of a genuine issue of material fact,

---

[2]On April 11, 2006, plaintiffs filed a Response to defendants' Motion to Dismiss or in the Alternative Plea in Abatement (Docket Entry No. 100). The court did not issue its Memorandum Opinion and Order granting defendants' Motion for Summary Judgment until April 12, 2006 (Docket Entry Nos. 98 & 99).

[3]Plaintiffs state the following: "It was observed in the opinion that Plaintiff did not prove all the elements of the claim. All the supporting proof should have been the subject of trial. Plaintiffs had stated their claim and have also presented [a] list of witnesses. However[,] they were not required to marshal all the evidence before trial." Plaintiffs Motion for Reconsideration, Docket Entry No. 101, ¶ 5.

plaintiffs were required to set forth by competent summary judgment evidence specific facts showing that there was a genuine issue of material fact for trial. Fed. R. Civ. P. 56(e).

The court concluded that plaintiffs failed to produce any evidence on two elements of the tortious interference with contract cause of action: that defendants proximately caused Khan to breach his contract with Video Ocean, and that defendants committed any acts of interference with the contract between Khan and Video Ocean. Plaintiff now claims that there are witnesses who can testify that defendants induced Khan to breach his Video Ocean contract. Because plaintiffs have not produced any evidence in support of their claim, they still fail to supply the missing elements of this cause of action.[4]

Plaintiffs also argue that their cause of action for tortious interference with prospective business relationship would come into play if the court found that the contract in question was void. This is essentially a reargument of a point that the court previously addressed in its opinion, and not grounds for reconsideration.[5] In addition, plaintiff has failed to supply any

---

[4]At this late date, however, it is unlikely that any new evidence would be considered by the court. The Fifth Circuit has held that "[a]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." ICEE Distributors, Inc. v. J&J Snack Foods Corp., --- F.3d ---, 2006 WL 925622 at *6 (5th Cir. 2006) (quoting Templet, 367 F.3d at 479).

[5]Memorandum Opinion and Order, Docket Entry No. 98, pp. 14-16.

evidence to satisfy the other element the court found lacking -- that defendants committed an independently tortious act.[6]

Finally, plaintiffs raise a host of minor complaints about the court's opinion that have little if any bearing on the grant of summary judgment, and the court finds no merit in these arguments.[7]

For the reasons explained above Plaintiffs Motion for Reconsideration (Docket Entry No. 101) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 9th day of May, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[6] Id. at 16-17.

[7] For example, plaintiffs object to the court's discussion on when Video Ocean filed suit, stating that the suit was brought within the two-year statute of limitations, and "[t]hus Plaintiffs deny that there is any relevance to the date of the suit for the purpose of granting Summary Judgment." Plaintiffs Motion for Reconsideration, Docket Entry No. 101, ¶ 8. It is difficult to understand why plaintiffs are objecting. The motion for summary judgment was not brought or decided on limitations grounds. The date of filing was noted in a portion of the court's opinion discussing whether the contract between Khan and Video Ocean was still in force. Memorandum Opinion and Order, Docket Entry No. 98, p. 22. The court found in the plaintiffs' favor on this issue, determining that the contract was in force and, thus, plaintiffs had met the first element of a cause of action for tortious interference with contract.